CAMERON, Respondent, vs. ROBERTS and another, Appellants.

*February 28 — March 16, 1894.*

*Service of summons upon justice of the peace and suitor in court.*

Valid service of a summons cannot be made upon a justice of the peace while holding court, nor upon a suitor and witness in attendance upon the court.

APPEAL from the Circuit Court for *Milwaukee* County. *Roberts* commenced an action of unlawful detainer before the defendant *Harrington*, a justice of the peace, against the plaintiff and one Mrs. Fatzinger. Upon the return day of the summons, while Justice *Harrington* was holding court and engaged in the disposition of causes, and *Roberts* was present in court as a party and as a witness, awaiting the trial of his cause, a summons, complaint, and injunctional order in an action in equity brought by *Mrs. Cameron* were served on *Roberts* and *Harrington*. The injunctional order restrained both defendants from proceeding in the unlawful detainer action, and the object of the action was to obtain a permanent injunction to the same effect.

*Roberts* and *Harrington* appeared specially in the equity action, and upon affidavits showing the foregoing facts moved that the service be set aside. The motion was denied, and the defendants appealed.

For the appellants there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*.

*Henry L. Buxton*, for the respondent.

WINSLOW, J. The service should have been set aside. The service of process upon a justice while holding court, or upon a party and witness in attendance upon, and in the presence of, the court, was a contempt of court. *Cole v. Hawkins*, And. 275; 1 Greenl. Ev. § 316. "It has long

been settled that parties and witnesses attending in good faith any legal tribunal . . . are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning." *Larned v. Griffin*, 12 Fed. Rep. 590, and cases cited. The privilege extends to the service of a summons, as well as to arrest. *Miles v. McCullough*, 1 Bin. 77; *Atchison v. Morris*, 11 Fed. Rep. 582; *Person v. Grier*, 66 N. Y. 124; *Lyell v. Goodwin*, 4 McLean, 29; *Anderson v. Rountree*, 1 Pin. 115.

The reasons for the rule are manifest. No court should be subject to such interruptions. Parties necessarily in attendance upon court should be free to attend to their duties without disturbance or fear of it. The rule is made to subserve the best interests of the public, and the due and speedy administration of justice.

*By the Court.*— Order reversed, and cause remanded with directions to grant the motion.