Gilbert-Arnold Land Co. vs. O'Hare and others.

GILBERT-ARNOLD LAND COMPANY, Respondent, vs. O'HARE and others, imp., Appellants.

*April 14— May 1, 1896.*

*Vacating judgment: Jurisdiction: Voluntary appearance: Estoppel: When judgment not void: Champerty.*

1. A motion by defendants to set aside a judgment because the costs were excessive, because no affirmative relief was asked against them, and because the action was prosecuted under a champertous agreement, waives any defect in, or want of service of, process.

2. In an action against a city and city officials, the latter, if they knowingly permit the case to proceed and be conducted in their behalf by the city attorney, are estopped to assert, as against the judgment, that no process was served upon them.

3. Where the court had jurisdiction of the parties and of the subject matter its judgment cannot be set aside as void, upon a motion made after the term, either because the action was prosecuted under a champertous agreement, or because no affirmative relief was asked against the moving defendants, or because a stipulation allowing a judgment for costs against them was unauthorized, or because the costs were excessive.

4. In an action by one taxpayer in behalf of all the taxpayers of a city, an implied agreement by which plaintiff's attorney, himself one of said taxpayers, was to save the plaintiff harmless from all costs and expenses of the litigation, and was either to pay them himself or cause them to be paid, and was to have any judgment for costs that might be recovered, was not champertous.

Gilbert-Arnold Land Co. vs. O'Hare and others.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

On the 19th day of May, 1894, plaintiff, for itself and on behalf of all the taxpayers of the city of Superior, commenced this action against such city and the mayor and the members of the common council thereof, to prevent the payment of salaries to such mayor and members, which involved the validity of certain proceedings of such council whereby an attempt had been made to so amend the charter of such city as to allow salaries to its mayor and aldermen. W. E. Hoehle appeared for all the defendants. All of the aldermen were made defendants, but neither summons nor complaint was served upon any of them. Prior to the commencement of this action an action had been commenced against such city and certain officers thereof, involving similar questions, and such proceedings were had, while both actions were pending, that a written stipulation was entered into by W. E. Hoehle, as `attorney for defendants, and by Victor Linley, as attorney for plaintiff, to the effect that, in case judgment should be entered in both cases, the successful party in the second case should recover the same amount of costs as taxed and allowed to the successful party in the first case. All the defendants, by Hoehle as their attorney, answered the complaint. Such proceedings were thereafter had that judgment was rendered in both actions in favor of the plaintiff. The costs were taxed in the first action at the sum of $400.34, and, pursuant to the aforesaid stipulation, judgment for the recovery of a like sum for costs was entered against all the defendants in this case. After the entry of such judgment the city attorney, W. E. Hoehle, was directed by the common council of the city to appeal therefrom to the supreme court. Pursuant thereto a notice of appeal on behalf of all the defendants was served, but thereafter, by order of the council, the appeal was discontinued.

Several months thereafter appellants appeared, by Messrs.

Knowles, Dickinson, Buchanan, Graham & Wilson, and obtained an order to show cause why the judgment against them should not be set aside; said motion being based upon affidavits to the effect that neither the summons nor complaint in the action was served upon them, or either of them, and that the city attorney, W. E. Hoehle, was neither employed by, nor had any authority to appear in the case for, them, or to stipulate as to the amount of costs recoverable; also, to the effect that plaintiff's attorney commenced and carried on the litigation under a champertous agreement with plaintiff. On the coming on of the order to show cause the matter was referred to Hon. D. E. Roberts to determine the facts, and such proceedings were had that such referee found and reported, among other things, that there was an implied agreement between plaintiff's attorney and plaintiff that the latter should be preserved harmless from all costs and expenses of the litigation; that such attorney should either pay or cause the same to be paid, and should have any judgment for costs that might be recovered. The referee also found that W. E. Hoehle and W. C. Owen, attorneys, defended the action in behalf of the defendants, that appellants' rights were affected by such action, and that they had knowledge, before judgment, of the facts in respect to the prosecution and defense.

After the coming in of such report the appellants, by their attorneys, moved the court to set aside the judgment for the following reasons: (1) That the action was prosecuted under a champertous agreement; (2) that no affirmative relief was asked in the complaint against appellants; (3) that no summons, complaint, process, or notice of any kind was served on appellants; (4) that no one, on behalf of appellants, authorized the making of any stipulation allowing judgment for costs to be taxed against them; (5) that the judgment was, as against the appellants, illegal, unjust, and void; (6) that the judgment for costs was excessive. The

motion was denied, and from the. order denying the same this appeal was taken.

For the appellants there was a brief by *Knowles, Dickinson, Graham & Wilson,* and oral argument by *George P. Knowles.* Upon the question of champerty, they cited *Barker v. Barker,* 14 Wis. 131, 142; *Allard v. Lamirande,* 29 id. 502; *Andrews v. Thayer,* 30 id. 233; *Lancy v. Havender,* 146 Mass. 615; *Kelly v. Kelly,* 86 Wis. 170.

*Victor Linley,* for the respondent, argued, among other things, that any interest in the litigation, however contingent or remote, excludes the rule of champerty and maintenance. *Williams v. Fowle,* 132 Mass. 385, 389; *Lathrop v. Amherst Bank,* 9 Met. 489; *Thallhimer v. Brinckerhoff,* 3 Cow. 623; *Gilleland v. Failing,* 5 Denio, 308; *Wickham v. Conklin,* 8 Johns. 220; *Thompson v. Marshall,* 36 Ala. 504, 76 Am. Dec. 328; 3 Am. & Eng. Ency. of Law, 76; Story, Eq. Jur. § 1048*a; Kelly v. Kelly,* 86 Wis. 170. This exception to the rule of champerty and maintenance is impliedly referred to in *Barker v. Barker,* 14 Wis. 144, and in *Martin v. Veeder,* 20 id. 466. The agreement found by the referee to exist between the plaintiff and its attorney is not champertous in any event. The agreement rested in parol, and the referee found there was no express agreement, but it consisted principally of an understanding from conduct and words, and this does not even appear to have definite shape in the report of the referee. *Foster v. Jack,* 4 Watts, 339; *Jewel v. Neidy,* 61 Iowa, 299; *Allard v. Lamirande,* 29 Wis. 508.

MARSHALL, J. The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose and keep out of court for all others. *Alderson v. White,* 32 Wis. 308. If a motion be made to set

aside a judgment on a ground inconsistent with the claim
that it is void for want of jurisdiction of the person, as, for
instance, for irregularity in entering the judgment, or be-
cause costs are excessive, or not warranted by the pleadings,
or because of some fact or facts constituting a defense, as is
said in *Alderson v. White, supra,* in effect, such motion car-
ries with it all objections to the jurisdiction of the court
growing out of defective service or want of service of pro-
cess on the persons of the defendants making the motion.
It constitutes a submission on their part to the jurisdiction
of the court, because the relief granted would be inconsist-
ent with any other reasonable hypothesis. The decisions
of this court on the subject are numerous; the most recent
being *Kingsley v. G. N. R. Co.* 91 Wis. 380.

In this case the defendants moved the court to set aside
the judgment because the costs were excessive; also, because
no affirmative relief was asked against appellants; also, be-
cause the action was prosecuted under a champertous agree-
ment. Each of these grounds for relief was consistent only
with the fact of jurisdiction, and therefore clearly implied
its existence, and effectually waived any defect in, or want
of service of, process, even if appellants were not estopped
from raising that question; and we think that they were, by
knowingly permitting the case to proceed and be conducted
in their behalf by the city attorney, which fact sufficiently
appears by the findings of the referee and the papers con-
tained in the record.

Jurisdiction of the person and the subject matter of the
action being established, appellants could only proceed to be
relieved from such judgment by motion to the trial court,
within one year, under sec. 2832, R. S., for relief on the
ground of mistake, inadvertence, surprise, or excusable neg-
lect; or by motion, during the same term at which the judg-
ment was entered, to set it aside for errors in the proceed-
ings prior to or in its rendition; or by appeal to this court

on exceptions contained in the record, or without exceptions where unnecessary to present the questions relied upon. None of these methods was resorted to. A motion was made, after the lapse of the term at which the judgment was rendered, invoking the general jurisdiction of the court to set it aside as void because the court had no jurisdiction to enter it. The court having jurisdiction of the person and the subject matter, none of the errors complained of, if under any circumstances they could be considered errors in fact, entitled appellants to relief on such a motion. They did not go to the jurisdiction of the court in any sense; hence, however erroneous the judgment may be, it is not void for the errors alleged. A judgment rendered in disregard of the statute, where the court has jurisdiction of the parties and the subject matter, though reversible on appeal or subject to be set aside on proper motion at the same term, is not open to a motion to vacate the same as void. *Monroe v. Ft. Howard*, 50 Wis. 228. So, in case of a judgment by default of a character not authorized by the complaint (*Wood v. Blythe*, 46 Wis. 650), or because there was no evidence introduced, where evidence was necessary (*Foster v. Bowman*, 55 Iowa, 238), or because the judgment is merely erroneous for any reason, except because not entered in conformity to the judgment actually ordered or pronounced, the court having jurisdiction of the subject matter and of the parties, is yet valid (*Walker v. Rogan*, 1 Wis. 597; *Durning v. Burkhardt*, 34 Wis. 589; *Fornette v. Carmichael*, 38 Wis. 236), and the error must be corrected, if at all, by motion to the court in which the judgment was rendered, before the expiration of the term (*Fornette v. Carmichael*, 38 Wis. 236; *Challoner v. Howard*, 41 Wis. 355), or by appeal, and not by motion to set aside the judgment after the term as void.

Though, on account of the foregoing conclusion, it is unnecessary to consider any other question raised and discussed in the briefs of counsel, we will say, in respect to the charge

of champerty, that a mere implied agreement or understanding, under the circumstances here disclosed, that in some way the attorney conducting the case shall save his client harmless from all costs and expenses of the litigation, and have the judgment for costs recovered, if any, the action being on behalf of all the taxpayers, of which such attorney is one, comes far short of a champertous agreement. *Allard v. Lamirande*, 29 Wis. 502. Such implied understanding is entirely consistent with the theory that such attorney, representing the taxpayers, will see that all interested parties contribute a sufficient amount to relieve the plaintiff from any pecuniary burden of the litigation. The attorney being a taxpayer and, as such, interested as a party, is sufficient of itself to relieve him of the charge of champerty. The rule is that an agreement to pay, or to contribute to pay, the expenses of litigation in which one is interested by reason of relationship to the party, or by reason of direct interest in the question at issue, is not champertous. *Williams v. Fowle*, 132 Mass. 385, 389; *Thompson v. Marshall*, 36 Ala. 504; *Barker v. Barker*, 14 Wis. 142; *Martin v. Veeder*, 20 Wis. 466, — cited by counsel for respondent; also, *Davies v. Stowell*, 78 Wis. 334, where the question was directly decided by the court.

It follows from the foregoing that the order of the superior court should be affirmed.

*By the Court.*— The order of the superior court is affirmed.