STATE EX REL. ENGLE, Respondent, vs. HILGENDORF, Appellant.

*May 8—June 5, 1908.*

*General appearance: Application for change of venue: Pleading: Liberal construction: Unlawful detainer: Tenancy from month to month: Beginning and ending of term: Notice to quit: Service.*

1. A defendant who applies for a change of venue thereby enters a general appearance in the action, even though in form he appears specially for that purpose.
2. If the essential facts can be gathered from a pleading or may reasonably be inferred from its allegations, it is good, though such allegations be in form uncertain and incomplete.
3. In an action for unlawful detainer, a complaint alleging that on or about October 1, 1905, defendant entered into possession of

the premises as a tenant from month to month, and was to pay therefor a stipulated sum in advance on the first day of each and every month, and that on October 30, 1906, notice was served upon him to quit and deliver up possession of the premises on December 1, 1906, sufficiently shows that the tenancy began on the first day of the month and expired on the last day of the month.

4. An allegation in such case that during the month of October, 1906, the plaintiff purchased the premises and that he *served* the notice to quit on October 30, 1906, sufficiently shows that he purchased prior to October 30 and *as landlord gave* the notice, as required by sec. 2183, Stats. (1898).

5. An allegation that notice to quit was served upon defendant by delivering to and leaving with his wife, naming her, a written notice, notifying him to deliver up the possession and to remove from the premises, etc., and that defendant could not be found, sufficiently shows that the wife was a person of proper age and resided upon the premises, so as to make the service sufficient under sec. 2184, Stats. (1898).

Appeal from a judgment of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Reversed.*

This is an action of unlawful detainer, brought by the appellant against the respondent in justice's court for Milwaukee county. On the return day the defendant appeared specially by his attorney and filed an affidavit of prejudice and paid the statutory fees; whereupon the case was removed to another justice. Before the second justice the defendant again appeared specially by his attorney and objected to the jurisdiction of the court over the person of the defendant and over the subject matter. These objections were overruled, the defendant taking no further part, and judgment was rendered in favor of the plaintiff. The cause was removed to the circuit court by *certiorari,* where the judgment of the justice's court was reversed for want of jurisdiction. From the judgment of reversal this appeal is taken.

For the appellant there was a brief by *Sheridan & Wollaeger,* attorneys, and *Arthur A. Mueller,* of counsel, and oral argument by *Mr. Mueller.*

*Louis A. Lecher,* for the respondent.

BASHFORD, J.   The contention is made on behalf of the respondent that the justice's court never acquired jurisdiction of his person, for the reason that the return of the constable shows that there was no proper service of the summons.   Appellant's counsel insists that if there was any ground for this objection it was waived by the defendant when he appeared before the court on the return day and filed an affidavit of prejudice; that such appearance, though special in form, became general in fact when affirmative relief was asked by defendant, and cured any defect in the service of summons upon him or in the return thereto.   The general rule is stated in 2 Ency. Pl. & Pr. 612, as follows: "A defendant by making the proper application for a change of venue, such as filing an affidavit, enters a general appearance in the action." In order to preserve his status as not having been properly served with the summons, the defendant must abstain from making any appearance in the action other than to raise the question of jurisdiction of his person.   *Corbett v. Physicians' C. Asso.* 135 Wis. 505, 115 N. W. 365; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809.   The subject has been so fully considered by this court in the cases cited, where the early decisions are referred to, that no further discussion is deemed necessary.   The respondent must be held to have waived any defects in the service of the summons or in the return by making the application for a change of venue.

It is further urged by the respondent that the justice's court did not acquire jurisdiction of the subject matter by reason of the insufficient averments of the complaint.   This question was not passed upon by the circuit court.   The defendant's tenancy was from month to month, and the notice to quit should be given to expire at the conclusion of the month's tenancy.   It is urged that inasmuch as the complaint alleged that the respondent was let into possession on or about the 1st of October, 1905, and the notice to quit was

served October 30, 1906, and expired December 1, 1906, it is impossible to tell from the complaint when the monthly tenancy began or expired. Sec. 3362, Stats. (1898), provides, in substance, that the party complaining shall file a complaint in writing, giving therein a description of the premises of which possession is claimed, stating the facts which authorize the removal of the person in possession, naming him, and praying for his removal. Sec. 2668, Stats. (1898), states that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties. The scope of that section has been frequently considered and applied by this court. In *Rideout v. Winnebago T. Co.* 123 Wis. 297, 101 N. W. 672, it is said:

"Under the proper rule every reasonable intendment is to be considered in favor of the pleading, and everything essential to the cause of action sought to be stated, reasonably inferable from the language used, is to be deemed as effectually pleaded as if expressly alleged."

And further:

"If the essential facts can be gathered from the pleading or may reasonably be inferred from the allegations, it is good, though such allegations be in form uncertain and incomplete."

The complaint here alleges that the respondent entered into possession of the premises as a tenant from month to month, paying therefor a stipulated sum in advance on the first day of each and every month. The only reasonable conclusion to be derived from this statement is that the tenancy began on the first day of the month and expired on the last day of the month. The objection to this averment is not therefore available.

The contention is made on behalf of the respondent that the notice to quit must be given by the landlord. The complaint alleges that the appellant purchased the property dur-

ing the month of October, 1906, and served the notice to quit on October 30th. The reasonable inference is that the purchase was made prior to October 30th; otherwise there would have been no reason for giving the notice by appellant. The complaint states that he served the notice, which clearly implies that he gave the notice in accordance with the language of the statute. Sec. 2183, Stats. (1898), does not require that the landlord shall personally give or serve the notice. It may be given on his behalf. The authorities upon this point are referred to in the notes to that section.

Respondent's counsel insists that under sec. 2184 the notice must be served by delivering the same to the tenant or some person of proper age residing upon the premises, and that the complaint contained no sufficient averment in that respect. The complaint alleges that the appellant served upon the respondent, by delivering to and leaving with his wife, naming her, a written notice, notifying him to deliver up the possession of said premises on the 1st day of December, 1906, and containing a demand that he remove therefrom on or before that date. The date when the notice was served was stated, and, further, that the appellant was unable to find the respondent. The reasonable inference from this averment is that the appellant's wife was of proper age and that she resided upon the premises. Consequently the averment was sufficient.

We conclude, therefore, that the justice's court acquired jurisdiction of the person of the respondent and also of the subject matter of the action. The foregoing considerations lead to the reversal of the judgment.

*By the Court.*—Judgment reversed.