Rix, Respondent, vs. Sprague Canning Machinery Company, Appellant.

*May 22—June 17, 1914.*

*Appealable orders: Summons: Validity of service on nonresident necessarily in court.*

1. A motion made by defendant, after a judgment by default, to set aside the service of the summons and all subsequent proceedings on the ground that the service was void, is in effect a summary application made after judgment to vacate it for want of jurisdiction, and an order denying such motion is appealable under sub. 2, sec. 3069, Stats.

2. A witness or a party from another state necessarily present and in attendance upon a court within this state, and present for such purpose only, is privileged from the service of a summons while so necessarily within the state; and a service made upon him under such circumstances is void.

APPEAL from an order of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

The defendant, a foreign corporation, made a motion after a judgment of default had been entered against it to set aside the service of the summons in the action and all proceedings subsequent thereto on the ground that the service was void. From an order denying the motion it appealed.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* and a supplementary brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, and oral argument by *Mr. Stebbins.*

For the respondent the cause was submitted on the brief of *Sawyer & Sawyer.*

VINJE, J.   1. Respondent questions the appealability of the order.   An order made before judgment refusing to set aside the service of a summons is not appealable. *Latimer v. Central E. Co.* 101 Wis. 310, 77 N. W. 155; *Welsher v. Libby, McNeil & Libby,* 106 Wis. 291, 82 N. W. 143.

Neither can its validity be tested by a writ of error (*Paine v. Chase,* 14 Wis. 653), for that can be brought only on a judgment or on an award in the nature of a judgment (*Wheeler v. Scott,* 3 Wis. 362), and an appeal from a judgment constitutes a general appearance. *Barnum v. Fitzpatrick,* 11 Wis. 81; *Ruthe v. G. B. & M. R. Co.* 37 Wis. 344; *Washburn v. Washburn W. Co.* 120 Wis. 575, 98 N. W. 539. A special appearance for the purpose of moving for a change of venue waives defective service. *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W. 848. So does a special appearance for the purpose of amending the return of service (*Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809) ; or any motion asking for partial or entire relief which is consistent only with the fact of jurisdiction and which implies it in its consideration. *Blackburn v. Sweet,* 38 Wis. 578. Thus a motion to set aside a judgment for defective service and for irregularities not jurisdictional is held to be a general appearance, though the motion recites the appearance is special. *Grantier v. Rosecrance,* 27 Wis. 488; *Anderson v. Coburn,* 27 Wis. 558; *Alderson v. White,* 32 Wis. 308. This court will not, under its power of superintending control, review an order made before judgment refusing to vacate the service of a summons. *In re Pierce-Arrow M. C. Co.* 143 Wis. 282, 127 N. W. 998. It thus appears that a defendant who claims defective service of a summons must either stay out of court entirely after his application to the trial court to set aside the service has been denied or else waive the right to have such question passed upon by appeal, unless it can be tested by an appeal from an order made after judgment as is sought to be done in this case. The right of appeal is purely statutory. It is manifest that the order under consideration, if embraced within the provisions of sec. 3069, Stats., relating to appealable orders, must come under the second subdivision thereof, providing that a final order affecting a substantial right made upon a summary ap-

plication in an action after judgment is appealable. While such orders usually relate to proceedings or matters taking place subsequent to the entry of the judgment, or to the granting or denying additional relief at the foot thereof, or to the taking of an appeal therefrom, no good reason is perceived for limiting them entirely thereto—especially when such construction would deprive a litigant of the right either to question the fact of jurisdiction or else to question the merits of a judgment. The language of the statute is broad enough to include the order appealed from, and every consideration having in view the protection of substantial rights of litigants favors its inclusion.

The motion in this case was in effect a summary application made after judgment to vacate it for want of jurisdiction due to defective service. True, the question raised could have been tested in the trial court before judgment, but under our statute and decisions, if so tested there, no appeal could have been maintained in this court to review the correctness of the ruling of the trial court thereon. And while it is true, as stated by counsel for appellant, that the question raised by the motion relates back to proceedings before judgment and challenges the correctness of such proceedings, and is in substance the same as a motion made before judgment, still in terms it can, without any violence to language, be held to be different and to be included within the provisions of the second subdivision of sec. 3069 as a summary application made after judgment to challenge the correctness of a ruling affecting a substantial right of a litigant that can be tested on appeal in no other manner. By so treating it, a litigant may have a ruling by this court upon the question of jurisdiction without forfeiting his right to challenge the merits of the judgment, thus protecting a substantial right without conflicting either with the language of the statute or with previous decisions. We therefore hold the order appealable.

2. Was there a valid service of the summons? It appears

that the summons was served upon the secretary of the defendant, L. A. Babcock, while he was necessarily in attendance upon the trial court as a witness therein in another action wherein this defendant was plaintiff and the Hartford Canning Company was defendant, and was within this state for no other purpose. The order refusing to set aside the service so recites and the facts therein stated must be deemed verities. A service made under such circumstances is void. A witness or a party from another state necessarily present and in attendance upon a court within this state and present for such purpose only, is privileged from the service of a summons while so necessarily within the state. *Cameron v. Roberts,* 87 Wis. 291, 58 N. W. 376; *Matthews v. Tufts,* 87 N. Y. 568; *Mullen v. Sanborn,* 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721 and note; *Long v. Hawken,* 114 Md. 234, 79 Atl. 190, 42 L. R. A. N. S. 1101 and note; *Mitchell v. Huron Circuit Judge,* 53 Mich. 541, 19 N. W. 176; *Letherby v. Shaver,* 73 Mich. 500 (*Shaver v. Letherby,* 41 N. W. 677); *Cooper v. Wyman,* 122 N. C. 784, 29 S. E. 947; *First Nat. Bank v. Ames,* 39 Minn. 179, 39 N. W. 308. The exemption is primarily for the protection of the due administration of justice; so that suitors and witnesses can freely attend court without the penalty of thereby incurring any liability which would otherwise not have been incurred. The fact that it may also benefit the suitor or witness is a mere incident of its main purpose.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order setting aside the service of the summons in the action and all subsequent proceedings therein.