SIMON, Respondent, vs. DE GERSDORFF, Appellant.

*October 4—October 23, 1917.*

*Courts: Jurisdiction of person: Lack: Waiver: Attorneys at law: Non-residents: Privilege: Immunity from service: Examination of adverse party: Power to allow.*

1. A defendant cannot be allowed to assert that the court is without proper jurisdiction over him and at the same time ask the same court for other relief which could only be granted by a court having proper jurisdiction.
2. Assuming, but not deciding, that a nonresident attorney was privileged or immune from service of civil process while in this state solely for the purpose of assisting in a proceeding in an action pending here against his client, yet where he moved that not only the service upon him of a summons, subpœna, and notice of examination under sec. 4096, Stats., be set aside, but also that such examination be suppressed upon the merits for reasons stated in his affidavit, he thereby recognized the jurisdiction of the court over him and waived his claim of privilege or immunity from service.
3. It is immaterial in such case whether the claim to have the examination suppressed upon the merits was or was not argued and presented to the court, such claim being a matter of record and apparently not withdrawn.
4. Such motion to have the examination suppressed should not be disregarded as futile, it being within the power of the circuit court to determine whether the showing made by a party asking it is sufficient to warrant the allowance of an examination of an adverse party under sec. 4096, Stats.

ROSENBERRY and SIEBECKER, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order denying defendant's motions to set aside service of summons and to suppress a proposed examination.

Plaintiff and respondent herein was also the plaintiff in another action pending in Milwaukee county against the Marshall & Ilsley Bank. At the instance of the defendant in that case the examination of this plaintiff as plaintiff in

such other action was proposed to be taken under sec. 4096, Stats., before a court commissioner of Milwaukee county on January 13, 1917. The defendant and appellant herein, an attorney at law of New York city, was retained by the Marshall & Ilsley Bank to assist its local counsel on such proposed examination and arrived in Milwaukee for that purpose on January 12th, and while in consultation on the afternoon of that day regarding such proposed examination was served with a summons in this action, and at the same time was served with a subpœna and notice of a proposed examination of him as an adverse witness.

On the following day defendant was present, and, although not entered of record as counsel, aided the local counsel in the examination of the plaintiff and respondent before the court commissioner in that other action.

The defendant herein obtained an order, upon his special appearance for the purposes of such order to show cause and for no other purpose, requiring the plaintiff and respondent herein to show cause why such service upon him of the summons, notice of examination, and subpœna under sec. 4096 should not be vacated and set aside and why the proposed examination should not be suppressed, and for such other and further relief as might be just and equitable.

Such order to show cause was based upon several affidavits, including one of the defendant. The defendant's affidavit recited in substance his being a resident of the city and state of New York; that he had been for upwards of twenty years a practicing attorney at law and a member of the bar of said state of New York; that for a period of almost two years, 1913 and 1914, he was a member of the firm of William Salomon & Co., bankers of the city of New York; that he came to Milwaukee on the morning of January 12, 1917, for the purpose of assisting the attorneys for the Marshall & Ilsley Bank in conducting the examination of the plaintiff in the suit brought by him against said bank, and that it was

defendant's intention to leave Milwaukee and the state of Wisconsin on the day of the making of such affidavit, January 13, 1917. It then recites the substance of the affidavit served upon him as the basis for his proposed examination and alleges that the plaintiff and his attorney are already in possession of full and sufficient information upon the points referred to in such affidavit upon which discovery is asked in so far as the same are or can be pertinent and material to the alleged purposes of this action, and that the examination sought to be had of him is not sought in good faith, but merely for the purpose of harassing and annoying him. He then further recites his reasons for claiming that the points upon which discovery is sought are sufficiently known to plaintiff and his attorney in that a certain action had been brought in July, 1913, in the district court of the United States for the Eastern district of Louisiana for the foreclosure of a certain mortgage, and that the plaintiff in this action made a motion to be allowed to intervene in said suit as a holder of certain bonds and was for a time permitted to intervene therein and did file objections to the confirmation of the foreclosure suit, in the course of which proceedings allegations relating to an alleged conspiracy and confederation between the defendant and others were made, and that further allegations concerning such alleged conspiracy were made in a proposed answer and cross-bill by the plaintiff in such foreclosure action, and that testimony was taken in August, 1916, and various witnesses, including this defendant, were examined on motion of the plaintiff in that foreclosure suit in relation to the same matters upon which discovery was sought in this examination. Defendant referred to such other records and proceedings and asked to have the same used and read upon the order to show cause herein. Lastly, he says that all the matters, facts, and things included and referred to in the affidavit of plaintiff's counsel for his proposed examination in this action were passed upon and

determined by the district court for the Eastern district of
Louisiana adversely to the plaintiff, and that the opinion of
the court so finding was in the record in said other action
and all is now included in an appeal to the circuit court of
appeals for the Fifth circuit of the United States.

In the written decision of the court below it was recited
that the arguments before it had been entirely confined to
the motion to set aside the service of the summons and that
no argument had been made upon the other branch of the
case, namely, the question of the suppression of the proposed
examination upon the merits, counsel for the defendant main-
taining that such matter was not before the court for decision
upon the application to set aside the service. An order was
made, however, denying the motions of the defendant, set-
ting aside the stay of proceedings as to such proposed exam-
ination, and directing the defendant to appear · at a time
fixed before the court commissioner for examination pursu-
ant to the summons and notice of examination. From such
order appeal was taken to this court.

For the appellant there was a brief by *Upham, Black,
Russell & Richardson,* attorneys, and *Hoyt & Goff,* of coun-
sel, all of Milwaukee, and oral argument by *Frank M. Hoyt*
and *Wm. E. Black.*

For the respondent there was a brief by *Glicksman, Gold
& Corrigan* of Milwaukee, and oral argument by *W. L. Gold.*

ESCHWEILER, J.  Assuming for the purposes of this ap-
peal, without deciding the same, that the circuit court was
right in holding that the defendant, as counsel, was entitled,
unless he waived the same, to his plea of privilege from serv-
ice of civil process while in this jurisdiction for the purpose
of attending such proposed examination of the plaintiff in
the action brought by the plaintiff against the Marshall &
Ilsley Bank, the question is now left to be determined
whether or not the proceedings taken by the defendant in

his moving the court below to suppress the proposed examination of him were of such a nature that thereby he waived and lost any privilege of immunity from service of process.

It has often been held in this court in cases involving the question of whether a court has acquired jurisdiction over a defendant that he who wishes to challenge the alleged jurisdiction of a court over him must confine himself solely to that question, and if by any application on his behalf relief is sought on other matters or of a nature which would require the recognition of the jurisdiction of the court, that the objection on the ground of want of jurisdiction is waived and lost and cannot thereafter be re-asserted; that is, a defendant cannot be allowed to assert that the court is without proper jurisdiction over him and at the same time ask the same court for other relief which could only be granted by a court having proper jurisdiction. *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W. 848; *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809; *Blackburn v. Sweet,* 38 Wis. 578.

A similar rule should apply in a case like this where the defendant asserts a claim that he, being a nonresident counsel, in attendance in the capacity of counsel upon proceedings in another action then pending in this jurisdiction, is privileged from service of civil process, and at the same time also asks that another procceding in this same action and looking to the proposed examination of him as an adverse party under sec. 4096, Stats., should be suppressed, and gives as reasons therefor that the same is not in good faith, that the plaintiff seeking such inquiry is already in possession of all the material facts and therefore needs no such examination.    The latter request is asking for relief in a matter entirely separate and distinct from the matter involved in his application to be relieved from the service of the summons. 32 Cyc. 495.

Manifestly, if he was entitled to relief on his first plea of privilege from service and for that reason entitled to have the service of the summons vacated and set aside, then it necessarily follows that, the court having determined that it would proceed no further in the cause, the service of the subpœna and notice of the proposed examination would have become null and of no effect. On the other hand, were the service of the summons upheld, he still might be entitled to have the proposed examination suppressed for the reasons and on the grounds set forth in his affidavit and as asked for in his order to show cause. The one is an application consistent only with a claim that the court shall not proceed further concerning him. The other is consistent only with a recognition of a continuation of the power of the court over him subsequent to the service of the summons.

We therefore hold that his assertions in his affidavit and order to show cause that he is entitled to have the proposed examination suppressed on the merits must be construed as a waiver of his plea of privilege from process, and the court below was right in so holding.

Some question has been raised as to whether this claim to have the examination suppressed upon the merits was presented or argued in the court below and the decision of the trial court intimates that it was not considered or passed upon, but we deem it immaterial whether it was or was not argued and presented to the court. It was a position of record taken by defendant and apparently not withdrawn, even if it were not argued before the court or passed upon by it.

It is also suggested that that portion of the affidavit should be disregarded on the ground that an application of that kind is futile, in that it is not within the power of the circuit court to deny the right to an examination of an adverse party under sec. 4096, Stats. The trial court, however, has undoubtedly the power and duty of determining whether the showing made by a party asking for such an examination is sufficient.

to warrant its allowance.  *State v. Milwaukee E. R. & L. Co.*
136 Wis. 179, 116 N. W. 900; *Badger B. M. Co. v. Daly,*
137 Wis. 601, 119 N. W. 328; *Ellinger v. Equitable L. A.
Soc.* 138 Wis. 390, 120 N. W. 235.

We find nothing in the case of *Driscoll v. Tillman,* 165
Wis. 245, 161 N. W. 795, and relied upon by defendant's
counsel, that affects the position taken herein.

*By the Court.*—The order of the circuit court is affirmed,
and the cause remanded for further proceedings.

ROSENBERRY, J. (*dissenting*).  It is conceded that the
appellant is entitled to the privilege claimed and that no
question as to the jurisdiction of the court was involved.
Therefore I am of the opinion that the order appealed from
should be reversed.  There is no inconsistency in asking in
one motion for relief upon two grounds, the jurisdiction of
the court being admitted.  While the motion is not in the al-
ternative in form, it is so in effect.  If the claim of privilege
be sustained the merits are not reached and cannot be con-
sidered.  If the claim of privilege be denied, then the court
proceeds to the consideration of the merits.  If this motion
is inconsistent, then any motion in which more than one
form of relief is asked and which is based upon different
grounds is inconsistent.  Upon what principle of law or
justice should a party who is permitted by the Code to set
out in his complaint or in his answer as many causes of ac-
tion or as many defenses as he may have be held to waive a
substantial right if by motion he asks for relief upon more
than one ground?  No element of waiver is present.  No
one has been misled, changed his position, or has been prej-
udiced in any other way.  The appellant had a valid right
in the law; he did not intend to waive it; on the contrary he
asserted it.  In my opinion mere rules of procedure should
not be extended and applied so as to deprive a litigant of a
substantive legal right.  Such an application of rules of pro-

cedure is not only highly technical, but is likely; as in this case, to result in injustice being done.

I am authorized to state that Mr. Justice SIEBECKER concurs in this opinion.

