FARMINGTON MUTUAL FIRE INSURANCE COMPANY, Respondent, vs. GERHARDT, Appellant.

*November 5—December 4, 1934.*

For the appellant there was a brief by *Spencer Haven* of Hudson, *Victor J. Larson* of Minneapolis, Minnesota, and *Barrows, Stewart, Jackson & Junkin* of St. Paul, Minnesota, and oral argument by *A. B. Jackson*.

*W. T. Doar* of New Richmond, for the respondent.

FRITZ, J.  As the affidavit, verified on May 11, 1934, was not submitted to the court for its consideration on any of the motions which resulted in the orders appealed from, and was sent up with the record without leave of the court to file it or include it in the record, plaintiff's motion to expunge it from the record must be granted.

Appellant's first motion, on her special appearance, to vacate the judgment on the ground that the court had acquired no jurisdiction over her person, was based on her contention that, at the time of the attempted service of the summons and complaint on her by leaving a copy thereof at her usual place of abode in Polk county, Wisconsin, she did not, in fact, have

any place of abode in Polk county, Wisconsin, because she was then and for many years prior thereto had been a resident of Minnesota. Under the proof submitted on the hearing of that motion, she might have been entitled to have the judgment vacated, and, if she had appealed from the order of May 18, 1933, and the judgment, on the record as it was then, she might have been entitled to a reversal. However, instead of then appealing on that record, appellant gave notice, under date of January 17, 1934, of a motion to be made, upon her special appearance, for leave to renew her motion for an order to vacate the judgment, and that, if such leave was granted, she would appear specially and offer additional testimony orally and move to set aside the judgment. In that notice she stated that her motion would be based on the proposed oral testimony, all files, records, and affidavits herein, and also upon affidavits attached to her notice. That last statement referred to the affidavit which was subscribed by her attorney on January 17, 1934, and in which he stated that "among other grounds, this application to renew said special appearance for the setting aside of said judgment as to her is based upon sec. 269.46 of the statutes of the state of Wisconsin."

Thereupon, as the court stated in its findings and order under date of April 2, 1934, appellant, in accordance with that statement in her attorney's affidavit, applied not only for leave to renew her motion for the vacation of the judgment on the ground that the court had not acquired jurisdiction of her person, but, in addition thereto, also moved for relief under sec. 269.46, Stats., which provides that the court may relieve a party from a judgment or order against him obtained through his mistake, inadvertence, surprise, or excusable neglect. Appellant's motion for that relief was denied because the grounds stated in the affidavit in support thereof were not considered sufficient by the court to entitle appel-

lant to relief under sec. 269.46, Stats.; and as there was no abuse of discretion by the court in denying relief under that section, that ruling does not constitute reversible error. *Pfister v. Smith,* 95 Wis. 51, 69 N. W. 984.

On the other hand, insofar as the court, in that connection, ruled that appellant's express application for relief under sec. 269.46, Stats., constituted a general appearance, on her part, she contends that the court erred. That ruling is, however, sustained by the decision in *Rix v. Sprague C. M. Co.* 157 Wis. 572, 573, 147 N. W. 1001, that a special appearance, as well as jurisdiction because of lack of effective service, were waived by "any motion asking for partial or entire relief which is consistent only with the fact of jurisdiction and which implies it in its consideration." See also *Blackburn v. Sweet,* 38 Wis. 578, 580; *Grantier v. Rosecrance,* 27 Wis. 488, 491; and *Northwestern Securities Co. v. Nelson,* 191 Wis. 580, 586, 211 N. W. 798. As was said in *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 197, 67 N. W. 38:

"The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose and keep out of court for all others."

Insofar as appellant applied for relief from the judgment and the order of May 18, 1933, on the ground of mistake, inadvertence, or excusable neglect, her motion was consistent only with the fact that there existed as to her an otherwise effective judgment and order which she was entitled to have vacated under sec. 269.46, Stats.; and the existence of an effective judgment and order was, in turn, consistent only with the existence of jurisdiction of the person. Consequently, insofar as her motion was for relief under sec. 269.46, Stats., jurisdiction was implied in its consideration,

and, as relief on that ground was obtainable only on a general appearance, there was in legal effect a general appearance on her part, notwithstanding the statements in her motion papers that her appearance was but special. That general appearance, after judgment, in effect waived the defective service of the summons and cured any invalidity in the judgment because of lack of jurisdiction of the person of the appellant in the first instance. *Wickham v. South Shore Lumber Co.* 89 Wis. 23, 27, 61 N. W. 287; *Grantier v. Rosecrance, supra; Alderson v. White,* 32 Wis. 308, 311; *Coad v. Coad,* 41 Wis. 23.

*By the Court.*—Judgment and orders affirmed.