STATE EX REL. NELSON, Petitioner, vs. GRIMM, Circuit Judge, Defendant.

*November 8—December 3, 1935.*

632

, For the petitioner there was a brief by *Woolsey, Caskey, Woolsey & Hopper* of Beloit, and oral argument by *E. J. Caskey.*

For the defendant there was a brief by *Arnold, Johnston & Robson,* attorneys for the "respondent" H. E. France, and by *Fiedler & Garrigan,* attorneys for the "respondent" Charles W. Montague, and *George W. Keithley* of counsel, all of Beloit, and oral argument by *Mr. Keithley.*

FOWLER, J.   The petitioner contends that he is entitled to a writ of prohibition, (1) because the court commissioner had no power to make an order of interpleader, and (2) because the order to show cause and the accompanying affidavits were addressed to a place of business which was not and never had been his post-office address.   The defendant France and the plaintiff contend, (3) that although the order of interpleader was void, the plaintiff had the right to amend his summons and complaint regardless of the order, and that having done so and having served them pursuant to

sec. 85.05 (3), Stats., the petitioner is thereby made a party and due service has been made upon him; (4) that the petitioner's appearance was a general appearance although he denominated it as special. We will first consider the contentions of France and the plaintiff. For convenience Nelson will hereinafter be referred to as the petitioner, and the plaintiff in the original action as the plaintiff.

(3) The plaintiff is correct in his position that he might rightly amend his summons and complaint regardless of the validity of the order of interpleader. If the order was void, the plaintiff might disregard it if he chose. But if he chose to act pursuant to it, his such action would be as effective as if done independent of the order. The effectiveness of his action, however, depended on whether he followed the statute, sec. 85.05 (3), in making his service. As he filed copies of the amended summons and complaint with the secretary of state, and mailed copies thereof within the statutory period, the effectiveness of the service upon the petitioner depends on whether the address to which they were sent can be considered as the "last-known address" of the petitioner.

There is no denial that the plaintiff could ascertain no other address of the petitioner than the one he used, and none that his letters sent to that address were received by the petitioner. From the facts that the petitioner attached to his petition a copy of the amended summons and complaint and that the registered letter return card evidences that it was received by a person assuming to act as the petitioner's agent in receiving it, we infer that the amended summons and complaint of which the return card acknowledges receipt was in fact delivered to the petitioner by or pursuant to action taken by the person who receipted for it as his agent. The purpose of the statute has therefore been achieved. We are of opinion that the address used by the plaintiff in mailing the papers to the petitioner must be considered as the petitioner's "last-known address" within the

purview of the statute. The statute does not use the word "residence" but the word "address." Residence is therefore immaterial. One may reside at one place and have his mail addressed to another, in which case the latter is his post-office address. Or he may receive and accept mail at his residence and at his place of business and each will be his post-office address. Or he may have mail addressed to him at the place of business of a third person, and that place will be his post-office address. Or he may adopt a place of business of a third person as his place of address by receiving and accepting mail addressed there. This the petitioner has done in the instant case. As the petitioner was brought into the case by the plaintiff by amendment of his summons and complaint, the defendant France may properly serve a cross complaint upon him, and the petitioner must make answer as directed by the circuit court.

(4) We have recently considered the matter of the limits to which a defendant may go upon a "special appearance" and what will constitute a general appearance, although the appearance be denominated as special. One objecting to the jurisdiction of the court over his person cannot ask anything of the court inconsistent with want of such jurisdiction. *Schwantz v. Morris, ante,* p. 404, 263 N. W. 379. To the cases there cited in support of this rule, the following illustrating the varied circumstances to which it has been applied by this court may be cited: *Grantier v. Rosecrance,* 27 Wis. 488, 491; *Blackburn v. Sweet,* 38 Wis. 578; *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001; *Northwestern Securities Co. v. Nelson,* 191 Wis. 580, 586, 211 N. W. 798; *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 257 N. W. 595. We again quote, as in the *Schwantz Case, supra,* from *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 197, 67 N. W. 38:

"The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the

court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose and keep out of court for all others."

The petitioner has violated this rule. He asks that he "recover his costs and disbursements from the plaintiff Chas. W. Montague and the defendant H. E. France." This is inconsistent with any but a general appearance. He might ask for costs of his motion, and a mere request for costs would be construed as for costs of motion only. *Kingsley v. Great Northern R. Co.* 91 Wis. 380, 385, 64 N. W. 1036. But the request for "costs and disbursements" implies full costs of action, and imposition of full costs is inconsistent with any but a general appearance. A defendant can have costs of action only upon the theory that an action was pending against him. By asking for costs of action, he admits that an action is so pending. He admits he is in court and on so admitting cannot take the inconsistent position that he is not in court. · After invoking the jurisdiction of the court to grant him "his costs and disbursements" of the action, he cannot contend that the court has no jurisdiction of the action over him. The cases above cited involved attacks on jurisdiction of the person by objection to jurisdiction upon mere attempted special appearance instead of formal plea in abatement, but the principle applies to the latter method of interposing the objection as well as the former. Costs may not be awarded except by statutory authority. *Will of Larson,* 211 Wis. 237, 247 N. W. 880. Our statute gives costs to the defendant in tort actions unless the plaintiff is entitled to costs therein. Sec. 271.03, Stats. But the petitioner's claim is that he is not a defendant. If he is not one, he cannot in any event have costs against the plaintiff. It is a well-settled rule that where there is no jurisdiction the court can give only costs of motion. *Lorrain v. Higgins,* 2 Pin. 454. Where an action is dismissed for want of jurisdiction in the court, whether the court be of limited or general juris-

diction, judgment for costs cannot be rendered against the plaintiff. *Elderkin v. Spurbeck,* 2 Pin. 129.

(1) Although it does not help him any, for the reasons stated under (3) and (4), the petitioner is doubtless right in his contention that the order signed by the court commissioner is void because the court commissioner had no power to issue an order of interpleader. The interpleader statute, sec. 260.19, requires that application be made "to the court." This implies that only "the court" can grant the application. The grant is accomplished through an order. Sec. 269.29, Stats., provides that when an order is to be made "by the court" it must be "by the court in session." A court commissioner cannot act as a "court in session," as he can only exercise the powers of a judge in chambers. Sec. 269.29. He therefore has no power to grant an order of interpleader.

(1) This contention has been already ruled against the petitioner by what has been said under (4).

*By the Court.*—A peremptory writ of prohibition is denied and the petition dismissed.