Evans and wife, Plaintiffs, vs. Orgel and others, Respondents: Loomis, Appellant.

*March 4—March 31, 1936.*

The cause was submitted for the appellant on the brief of *T. P. Abel* of Sparta and *Frank H. Hanson* of Mauston, and for the respondent William Koehler on that of *Gleiss & Goodman* of Sparta.

FRITZ, J. Loomis contends that the court erred in a number of respects, but upon reviewing the record we find that the order appealed from must be affirmed for the following reasons: His contention that the court erred in ordering the appointment of the receiver on July 25, 1935, cannot be sustained because his appeal is limited to a review of the order of August 17, 1935, which required him to vacate the premises; and because on the hearing at which the order appointing the receiver was made, he voluntarily appeared generally. Likewise, his contention challenging the court's jurisdiction to make the order of August 17, 1935, requiring him to vacate cannot be sustained, because that order was not made until after he had again entered a general appearance, pursuant to the order to show cause why he should not be required to vacate, and had moved for an adjournment and leave to produce testimony to enable the court to "adjudge both the legal and equitable rights of the parties herein." Even if he was theretofore a stranger to the action, because he had not been expressly joined as a party, by thus submitting his

rights as an alleged tenant of one of the named defendants to the court for an adjudication in this action as to "both the legal and equitable rights of the parties herein" on his own application, he fully consented to the exercise of the court's jurisdiction in that respect. As was said in *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 197, 67 N. W. 38: "The settled rule is that, if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose, and keep out of court for all others." Consequently, an objection to the exercise of jurisdiction because of lack of effective service of process upon the objector, will be deemed waived by his making "any motion asking for partial or entire relief which is consistent only with the fact of jurisdiction and which implies it in its consideration. *Rix v. Sprague C. M. Co.* 157 Wis. 572, 573, 147 N. W. 1001." *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 461, 257 N. W. 595; *Schwantz v. Morris,* 219 Wis. 404, 263 N. W. 379; *State ex rel. Nelson v. Grimm,* 219 Wis. 630, 263 N. W. 583. · In view of the rules in that regard, a stranger to an action, who appears generally and voluntarily submits his rights to the court for adjudication, cannot subsequently question the power of a court, which otherwise has jurisdiction of the subject matter, to determine those rights, even though in the absence of such a general appearance and submittal, a receiver cannot ordinarily, through summary proceedings in the action in which he was appointed, acquire the custody of property which is in the possession of strangers to the record who claim adversely. *State ex rel. Parsons v. McClure,* 17 N. M. 694, 133 Pac. 1063, 47 L. R. A. (N. S.) 744; 23 R. C. L. p. 61, § 66.

It is true, as Loomis also contends, that if he entered into possession on July 5, 1935, under a *bona fide* and valid lease

made on June 29, 1935, prior to the filing of a *lis pendens* herein on July 8, 1935, then, during the continuance of the term of that lease, or up to the time that a sale pursuant to a judgment of foreclosure herein became effective—if that term did not terminate prior thereto under or by virtue of provisions in the lease—he was entitled to continue in possession, subject only to the appointment of a receiver in the foreclosure action for the purpose of preventing waste. His rights in that respect, and the corresponding rights of the plaintiffs and the receiver appointed herein on the foreclosure of their mortgage, are controlled by the settled rules that a—

". . . mortgagor's right to the possession of the mortgaged premises continues in him and his lessee until terminated by the sale on foreclosure, subject only to the appointment of a receiver in the foreclosure action for the purpose of preventing waste;" and that—

"notwithstanding . . . an appointment of a receiver to function as the landlord in lieu of the mortgagor-lessor, the lessee is entitled to continue in possession until the landlord's right of possession, which he acquired by virtue of his lease, is terminated by the sale on foreclosure. . . ."

*Zimmermann v. Walgreen Co.* 215 Wis. 491, 501, 255 N. W. 534; *Ottman v. Tilbury,* 204 Wis. 56, 234 N. W. 325; *Grether v. Nick,* 193 Wis. 503, 213 N. W. 304, 215 N. W. 571. However, a lessee under a mortgagor is not entitled to continue in such possession upon the commission of waste by either him or his lessor while in possession, or upon the lessee's breach of a covenant in his lease by reason whereof the lessor thereunder, and a representative or receiver standing in his place, became entitled to repossess the premises. In the case at bar, the evidence amply supports the court's determination that Loomis had sold intoxicating liquor upon the premises in violation of law. His use of the premises in that manner was in violation of the covenant in his lease that "neither he nor his legal representatives will use said prem-

ises for any purpose calculated to injure or deface the same, or to injure the reputation or credit of the premises or of the neighborhood." By reason of that breach by Loomis of that covenant, the lessor, as the party of the first part in the lease, and the receiver standing in his place, became entitled to repossess the premises under the provision in the lease that, "if default shall be made in . . . any of the covenants or agreements herein contained, to be kept by the party of the second part [Loomis], . . . it shall be lawful for the party of the first part, or his legal representatives, . . . to re-enter into and upon said premises, or any part thereof, either with or without process of law, and repossess the same, . . . at the election of said party of the first part. . . ." Consequently, as Loomis' use of the premises as a tavern for the unlawful sale of intoxicating liquors was clearly a breach of his covenant that "neither he nor his legal representatives will use said premises for any purpose calculated to injure or deface the same, or to injure the reputation or credit of the premises or of the neighborhood," the court was warranted in holding that that breach "alone was a sufficient cause for the forfeiture of even a valid lease;" and that by reason of that violation the receiver "was entitled to the immediate and exclusive possession of the real estate," and to the order requiring Loomis to vacate and deliver it to him within five days.

*By the Court.*—Order affirmed: