BITTER, Appellant, vs. GOLD CREEK MINING COMPANY, Respondent.

*March 10—May 25, 1937.*

For the appellant there was a brief by *Suel O. Arnold* and *Rouiller, Dougherty, Arnold & Kivett,* all of Milwaukee, and oral argument by *Mr. Arnold.*

For the respondent the cause was submitted on the briefs of *William F. Shaughnessy* and *Oscar M. Nebel,* both of Milwaukee.

FRITZ, J. It is undisputed that the service of the summons on the defendant was insufficient, but the plaintiff contends that, notwithstanding that insufficiency and the defendant's special appearance on applying for the vacation of

the service, the court acquired jurisdiction of the defendant because, in an order to show cause why service should not be vacated, a proposed adverse examination, under sec. 326.12, Stats., was enjoined until further order of the court. The affidavit, upon which the order to show cause was based, stated that it was made in support of a motion on a special appearance for the vacation of the service because of facts, stated in the affidavit, which showed that it was unauthorized. It was also stated in that affidavit that a subpœna for an adverse examination, under sec. 326.12, Stats., had been served, but there was no statement therein of any other facts as basis for enjoining that examination, or that the affidavit was made for that purpose. Upon a hearing pursuant to that order to show cause, the trial court ordered the service of the summons vacated, notwithstanding the plaintiff's contention that by reason of the temporary enjoining of the adverse examination the defendant had waived its special appearance. That order vacating the service was reversed upon the submittal of the appeal in this court. However, upon reconsideration of the matter on defendant's motion for a rehearing, we have concluded that the trial court's order must be affirmed for the reasons hereinafter stated.

It is well established in this jurisdiction that, "when a party seeks to take advantage of a want of jurisdiction, he must object on that ground alone, and keep out of court for every other purpose" (*Coad v. Coad,* 41 Wis. 23, 26). The principle to be extracted from our decisions is, as was stated in *Blackburn v. Sweet,* 38 Wis. 578, 580,—

"Where the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and person, this is a submission to the jurisdiction, and waives all defects in the service of process."

The following cases illustrate the repeated application of that principle: *Northrup v. Shephard,* 26 Wis. 220; *Grantier*

*v. Rosecrance,* 27 Wis. 488, 491; *Alderson v. White,* 32 Wis. 308, 312; *Dikeman v. Struck,* 76 Wis. 332, 45 N. W. 118; *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 67 N. W. 38; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809; *Corbett v. Physicians' Casualty Asso.* 135 Wis. 505, 115 N. W. 365; *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W. 848; *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001; *Driscoll v. Tillman,* 165 Wis. 245, 161 N. W. 795; *Simon v. de Gersdorff,* 166 Wis. 170, 175, 164 N. W. 818; *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 257 N. W. 595; *Schwantz v. Morris,* 219 Wis. 404, 263 N. W. 379; *State ex rel. Nelson v. Grimm,* 219 Wis. 630, 263 N. W. 583; *Evans v. Orgel,* 221 Wis. 152, 266 N. W. 176.

However, in connection with the approval of that established principle, this court has recognized an exception thereto when on only the showing relied upon for establishing the insufficiency of the service sought to be vacated on a motion made on a special appearance for solely that purpose, there was also an application or order for other relief, which was merely incidental to and consistent with vacating the service as insufficient, and to which the defendant was entitled without any additional showing. Under such circumstances, the application or order for the incidental and consistent relief does not result in a waiver of the special appearance or the right to rely upon the lack of jurisdiction. Thus, in *Blackburn v. Sweet, supra,* the court, in connection with stating the principle, as quoted above, said:

"In the motion in this case no relief was asked the granting of which would be inconsistent with an entire want of jurisdiction. True, the defendant asked that the execution and levy made upon it be set aside for the reasons assigned. But though this relief asked was for something which occurred in the cause after the service of process, still it was entirely consistent with the claim that there was no judgment

upon which the execution could issue because the court had no jurisdiction to render it. The defendant by his motion appeared for no purpose incompatible with the supposition that the court had acquired no power or jurisdiction over him on account of defective service of process; and we therefore think there was no waiver of the defect of jurisdiction."

Likewise in point is *Sanderson v. Ohio Central Railroad and Coal Co.* 61 Wis. 609, 611, 21 N. W. 818, 819, in which an order to show cause, obtained by the defendant on a special appearance, asked for relief as follows:

"Why an order should not be made setting aside the service of the summons herein, and dismissing this action for want of service of the summons, or restraining any further proceeding in the same until the summons shall be served, or such other or further order as the court shall deem meet to protect the rights of said defendant."

The plaintiff contended,—

"That these words are sufficiently general to justify the court in granting relief other than setting aside the service of the summons and which would be consistent with the general appearance of the defendant in the action."

The court, in holding that the defendant had not waived its objection to the sufficiency of the service and the consequent lack of jurisdiction, because no relief was asked "except such as is consistent with the want of jurisdiction of the court over the person of the defendant," said:

"When the order to show cause is read in connection with the affidavits upon which it is founded, it will very clearly appear that no relief could be granted thereon except the setting aside of the service of the summons in the action, as there is no ground laid in the affidavits for any other relief therein; certainly for no other relief except such as would be proper to grant as a consequence of setting aside such service. . . . There is nothing in the order to show cause which indicates a purpose on the part of the defendant to ask for any relief except such as is consistent with the want

of jurisdiction of the court over the person of the defendant, and the affidavits upon which the order is based lay no foundation for any relief except the setting aside the service of the summons."

*Kingsley v. Great Northern R. Co.* 91 Wis. 380, 385, 386, 64 N. W. 1036, is another case in which the exception to the rule in question was recognized. The court said:

"In the present case the defendant asked that the service of the summons be set aside, and 'the action be dismissed, with costs,' and, in a subsequent part of the notice, such relief is asked, 'with the costs of motion.' The defendant did not ask for costs of the action, but, in effect, for proper and rightful costs in consequence. It is not denied but that the defendant might have costs of the motion upon granting the relief prayed, and we think it would be going too far to construe the present notice as an application for relief which the court could grant only in case it had jurisdiction of the subject matter and of the defendant, and, therefore, by a refined and exceedingly technical construction, was a waiver of that want of jurisdiction upon which it was expressly and constantly insisting. The claim for costs must be construed as a claim only for such costs as the court might properly grant on setting aside the service of the summons, and, therefore, was not a waiver of the objection or a general appearance."

In *Simon v. de Gersdorff, supra,* the defendant on a special appearance obtained an order to show cause why the service of summons should not be set aside as insufficient; and also why an adverse examination should not be enjoined on the ground that facts stated in an affidavit filed by defendant showed that the plaintiff had sufficient knowledge, in relation to points of the proposed examination which the defendant had enjoined until the further order of the court. It was held that the defendant had waived his special appearance because his application to enjoin the adverse examination, instead of being based solely upon the ground of want of jurisdiction, was also based on other grounds, which re-

quired recognition of the jurisdiction of the court in order to entitle him to such relief. However, in connection with reaching that conclusion under those circumstances, the court said :

"Manifestly, if he [defendant] was entitled to relief on his first plea of privilege from service and for that reason entitled to have the service of the summons vacated and set aside, then it necessarily follows that, the court having determined that it would proceed no further in the cause, the service of the subpœna and notice of the proposed examination would have become null and of no effect. On the other hand, were the service of the summons upheld, he still might be entitled to have the proposed examination suppressed for the reasons and on the grounds set forth in his affidavit and as asked for in his order to show cause. The one is an application consistent only with a claim that the court shall not proceed further concerning him. The other is consistent only with a recognition of a continuation of the power of the court over him subsequent to the service of the summons.

"We therefore hold that his assertions in his affidavit and order to show cause that he is entitled to have the proposed examination suppressed on the merits must be construed as a waiver of his plea of privilege from process, and the court below was right in so holding."

Thus, it is obvious that it was because the defendant sought the suppression of the adverse examination on the merits, instead of relying solely upon the lack of jurisdiction to proceed therewith, that he was held to have waived his right to have the service of the summons set aside.

In the case at bar, the defendant sought no relief on the merits. The order temporarily enjoining the adverse examination was but incidental to and not inconsistent with the defendant's motion, on its special appearance, to vacate the insufficient service, and it was based solely upon the lack of jurisdiction to proceed with the enjoined examination because of the insufficient service. Consequently, neither the affidavit nor the order to show cause, upon which it was

based, can be deemed to constitute an application for any relief excepting such as was entirely consistent with and merely incidental to the lack of jurisdiction of the court over the defendant; and, therefore, it cannot be deemed to have waived its special appearance or its right to object to such lack of jurisdiction. It follows that the following must be substituted for the mandate heretofore entered.

*By the Court.*—The mandate heretofore entered herein is set aside; and the order appealed from is affirmed.