**VOLMER, Plaintiff-Appellee, v. HOEL, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7207. Decided February 6, 1950.

Dolle & Rueger, Cincinnati, for plaintiff-appellee.
Robert G. McIntosh, Cincinnati, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

Plaintiff's cause of action, upon which he recovered a verdict and judgment, arose when he sustained bodily injuries in an automobile accident which occurred on Spring Grove Avenue in the City of Cincinnati, Hamilton County, Ohio, on April 23rd, 1946.

The principal contention made on this law appeal is that the suit is now barred by the two years statute of limitation set forth in §11224-1 GC, for such bodily injuries, for the reason that no valid service of process was had on the defendant in this case.

Under favor of §6308 GC, plaintiff chose Hamilton County as the venue and filed his petition on April 10th, 1948, within the two year limitation referred to above, with praecipe for

summons directed to the Sheriff of Darke County, Ohio, for the defendant who had given his address at the time of the accident as 509 West Wayne St., Versailles, Ohio.

On April 19, 1948, this summons was returned endorsed:

"Received this writ on the 12th day of April, 1948, one Joe Hoel can not be found in our bailiwick.

Evert Snyder, Sheriff Darke County."

On May 5th, 1948, Robert E. Dolle, counsel for plaintiff made and filed with the Clerk of Courts the following affidavit, included in the original papers in this case, to-wit:

"State of Ohio, County of Hamilton, SS:

"Robert E. Dolle, being duly sworn, says that he is Attorney for the plaintiff in the above entitled action, which is an action to recover money damages for personal injuries arising out of an automobile collision which occurred in Hamilton County, Ohio; that the defendant's place of residence at the time of the collision was 509 West Wayne Street, Versailles, Ohio, which is his last known residence; that his present residence is unknown and cannot, with reasonable diligence be ascertained; that plaintiff has made diligent effort to locate the defendant herein and serve him with summons, but said defendant has concealed himself or moved from the State of Ohio, so that service of summons cannot be made within the State of Ohio on him.

ROBERT E. DOLLE."

On the same day praecipe for alias summons was filed and returned on May 31, 1948, as follows:

"Ralph J. Paul, Sheriff of Franklin County, Ohio, first being duly sworn, deposes and says that he has been duly authorized and deputized by the Sheriff of Hamilton County, Ohio, to serve this writ, and that pursuant to his command, on the 10th day of May, 1948, he served the within named defendant Joe Hoel by leaving a true and certified copy of this writ with all the endorsements thereon, and a check for two dollars ($2.00), at the office of Edward J. Hummel, Secretary of the State of Ohio, as Agent for said defendant in this process.

RALPH J. PAUL,

Sheriff, Franklin County, Ohio."

(The return was duly verified according to law.)

"STATE OF OHIO, HAMILTON COUNTY, Received this Writ 5th day of May, 1948, at 11:21 o'clock, A. M. and on the 10th day of May, 1948 I served the within named
JOE HOEL
of 509 West Wayne St., Versailles, Ohio, by deputizing the Sheriff of Franklin County for such purpose, who as such Deputy left at the office of Edward J. Hummel, Secretary of State, a true and certified copy of this writ with all the endorsements thereon. And on the 15th day of May, 1948 I served the within named
JOE HOEL
of 509 West Wayne St., Versailles, Ohio, by sending to him addressed to his last known address, by registered mail, postage prepaid, a true and certified copy of this writ with all the endorsements thereon, of the service upon the Secretary of State in the case; the mailing receipt and the returned envelope, marked Moved, left no address is attached herewith and made part of this return.

> C. TAYLOR HANDMAN, Sheriff of
> Hamilton County, Ohio,
> By JAMES E. MOLLOY,
> Deputy."

Continuing the chronology, on August 18th, 1948, by leave, motion to quash service of summons was filed together with two affidavits of the defendant and, later, on November 4th, 1948, counter-affidavits on behalf of plaintiff were filed.

On November 4, 1948, the court orally directed and granted plaintiff leave to amend his petition and hearing on the motion to quash was continued for 30 days, and actually never heard, and none of the affidavits filed in connection therewith being brought on the record by attachment to the bill of exceptions, they are not before the court.

On November 20th, 1948, plaintiff filed an amended petition with praecipe for summons thereon, which was directed to the Sheriff of Madison County, Ohio, whose attached return shows personal service on the defendant.

Defendant demurred to the amended petition, contending the above record shows no valid service within the time limited for the commencement of the action.

The substituted service shown by this record was had in conformity to §6308-1 GC, which provides:

"Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the law of this state to nonresident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

Sec. 6308-2 GC, provides for deputizing the Sheriff of Franklin County to serve the Secretary of State, which part of this record is not questioned here.

Sec. 6308-5 GC, provides:

"This act shall be construed to extend the right of service of process upon nonresidents and upon residents who subsequently become nonresidents or who conceal their whereabouts, and shall not be construed as limiting any provisions for the service of process now or hereafter existing."

In a case decisive of the one at bar, our Supreme Court in Hendershot v. Ferkel, 144 Oh St, 112, held in the second paragraph of the syllabus:

"Sec. 6308-2 GC, providing in substance that process shall be served by the officer to whom directed or by the sheriff of Franklin county, upon being deputized, upon the Secretary of State of Ohio and by sending to the defendant by registered mail, postage prepaid, a like, true and attested copy thereof with an endorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address and that 'The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of process' makes it reasonably certain that such notice will be received by the defendant and does

not require actual delivery of the notice to give the court jurisdiction in the cause, and is not constitutionally invalid."

In that case the attested copy of the substituted service, sent by registered mail to the last known address of the defendant, was returned by the postal establishment, endorsed "Unknown at address" just as the return here shows, "Moved left no address." In commenting on whether §6308-2 GC, required actual notice to the defendant, the court said at page 119:

"The provision for mailing the copy of summons 'to the last known address' in itself evidences a legislative intent to provide for cases in which notice is not actually delivered to the defendant. Were it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to wit, the 'last known address.' "

The court then observed that §11286 GC, providing the method of service in civil actions effective for many years does not require actual delivery of the summons to the defendant, but makes service valid by "leaving a copy at his usual place of residence."

As to the effect on due process of the want of delivery to the defendant personally of the registered letter containing the attested copy of the summons and absence of a signed receipt therefor, the court said at page 118:

"It is now well established by the case of Wuchter v. Pizzutti, 276 U. S., 13, 72 L. Ed., 446, 48 S. Ct., 259, 37 A. L. R., 1230, and the case of Hess v. Pawloski, 274 U. S., 352, 71 L. Ed., 1091, 47 S. Ct., 632, decided by the Supreme Court of the United States, that actual notice to a nonresident defendant in such a case is not essential to due process. In the opinion in the Wuchter case, Chief Justice Taft, after citing numerous cases, made the following pertinent statement:
" 'These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here.' "

Whether the summons was sent to the place which was the last known address and the requirement of due diligence met, the court stated at pages 117 and 118:

"Whether the summons was sent to the place which was 'the last known address' of the defendant is a question of fact, presumably determined by the court upon competent evidence. It is claimed in argument that the trial court heard such evidence, although the testimony is not brought into the record and is not before this court. See 5 American Jurisprudence, 831, Section 591; 82 A. L. R., 772; 96 A. L. R., 597; 125 A. L. R., 469—citing State, ex rel. Nelson, v. Grimm, 219 Wis., 630, 263 N. W., 583, 102 A. L. R., 220.

"Conceding the insurance company's claim that the plaintiff must use diligence to ascertain the 'last known address' of the defendant, nevertheless that was a question for the determination of the Court of Common Pleas in the original damage action and presumably was there determined."

We, therefore, presume from the record here that those questions were determined by the trial court upon competent evidence.

While §§6308-1 and 6308-2 GC, providing for the substituted service here involved, are in derogation of common law, and to be strictly construed in investing the court with jurisdiction, and do not specifically provide for the affidavit filed by plaintiff's attorney prior to filing a praecipe for substituted service herein, yet §6308-5 GC, states that the act shall be construed to extend the right of service of process upon those named in the act and shall not be construed as limiting any provisions for service of process now or hereafter existing. So, by analogy to those code provisions wherein affidavits for constructive service are required, it would appear to be a logical practice even though not specifically required.

We, therefore, conclude that the substituted service had herein was valid. The action is deemed to be commenced according to the provisions of §11231 GC, as follows:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

It is urged that by the filing of the amended petition herein, plaintiff abandoned his original petition so that clearly no

service has been had within the two year statutory limitation. Examination of the amended petition shows no different additional cause of action requiring the issuance and service of further summons.

Without passing upon the efficacy of the personal service on the defendant obtained in Madison County in November, 1948, shown by the record herein, we call attention to the case of **Couts v. Rose, 152 Oh St, 458,** decided January 11, 1950, since this court began its consideration of the instant case, wherein it is held:

"A person injured in an automobile collision occurring in this state is not obliged to institute his action for his injury against a nonresident defendant and secure service through §6308-1 GC, within the time limitation provided by §11224-1 GC, but under favor of the provisions of §11228 GC, he may proceed to institute his action through §6308-1 GC, at any time before the defendant returns to the state."

By analogy, the cause of action here would seem to be similarly protected from the limitation of §11224-1 GC, upon opportunity given to make the record as to the time of concealment so that the validity of the personal service here might possibly be established.

The court has examined the other assignments of error herein and found no error prejudicial to the defendant upon the record.

The judgment is affirmed.

HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.

ROSS, PJ, Dissents:

The record fails to show any support for the application of the provisions of §6308-1 GC. The judgment should be reversed, and judgment here entered for the defendant.