OPINION
Plaintiff-appellant, Crystal Barnett, appeals a May 10, 2001 jury verdict in the Franklin County Court of Common Pleas for $1,343 following injuries sustained in an automobile collision.
In June of 1998, appellant was a passenger in a vehicle that was struck by defendant-appellee, Charles Thornton. As a result of the collision, Barnett was transported to the hospital, where she was treated and released.
Appellant was unable to secure follow-up treatment and resigned herself to self-care. Appellant eventually felt restored enough to begin a grueling and physically demanding position at Worthington Cylinders in the fall of 1998. Following her return to work, appellant experienced back pain and numbness in her legs. In February 1999, some eight months following the accident, she returned to the emergency room for evaluation. In her interview with the medical staff in the emergency room, appellant disclosed the previous injury resulting from the car accident but stated that it had subsequently healed. She was again treated and released.
Another three months passed before appellant sought further treatment for back pain. In August of 1999, appellant began to see Dr. Ruth Crover, a chiropractor. Dr. Crover testified at trial that Barnett's injures were the result of the automobile accident and implemented a treatment regimen accordingly. No other medical testimony was offered.
In his summation, appellee's counsel noted that the original emergency room report following the accident had diagnosed Barnett as only suffering from a head contusion and neck strain, not the more significant injuries the chiropractor had found over fourteen months later. Appellee's counsel went on to note that injuries of the type suffered by appellant generally heal in three to six months.
The jury returned a verdict for appellant's medical expenses from the June 1998 emergency room visit, plus an additional $1,000 for pain and suffering, although appellant had requested substantially more.
Appellant subsequently filed a motion for new trial, which was denied by the trial court. A notice of appeal was timely filed, and the following six assignments of error were advanced by appellant:
 [1.] THE TRIAL COURT ERRED WHEN IT REFUSED TO GIVE THE REQUESTED DUEL CAUSATION/PROXIMATE CAUSE INSTRUCTION.
 [2.] THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE THE REQUESTED INTERVENING AND SUPERCEDING CAUSE INSTRUCTION, AND THE RESTATEMENT OF TORTS PRE EXISTING WEAKNESS INSTRUCTION.
 [3.] THE TRIAL COURT ERRED WHEN, AFTER THE DEFENDANT ADMITTED NEGLIGENCE AT THE BEGINNING OF TRIAL, THE COURT ALLOWED HIM TO THEN TESTIFY THAT ALTHOUGH HE WAS ADMITTING NEGLIGENCE, IN HIS OPINION HE WAS NOT OVER THE DOUBLE YELLOW LINE, WAS ONLY DRIVING 5-8 MPH AND HAD LITTLE DAMAGE TO HIS VEHICLE. THE COURT ERRED IN REFUSING TO ALLOW EVIDENCE OF THE DAMAGE EXTIMATES AND EXTENT OF DAMAGE TO THE VEHICLES, OR THE INVESTIGATING POLICE OFFICER TO TESTIFY CONCERNING HIS OPINION OF DEFENDANT CROSSING THE DOUBLE YELLOW LINE, HIS OPINION OF SPEED OF THE DEFNDANT'S VEHICLE, AND CONCERNING STATEMENTS MADE BY THE DEFENDANT AT THE SCENE THAT CONTRADICTED STATEMENTS MADE TO THE JURY DURING TRIAL.
 [4.] THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE PLAINTIFF AND HER FAMILY MEMBERS TO EXPLAIN THE REASON THEY FAILED TO GET MEDICAL TREATMENT SOONER FOR HER INJURIES WAS DUE TO PLAINTIFF NOT HAVING MEDICAL INSURANCE TO PAY FOR THE TREATMENT.
 [5.] THE TRIAL COURT ERRED IN ALLOWING DEFENSE COUNSEL TO IMPROPERLY ARGUE TO THE JURY A NECK INJURY WOULD HEAL WITHIN SIX TO TWELVE WEEKS, ARGUING MEDICAL
OPINION NOT IN EVIDENCE. THE TRIAL COURT IMPROPERLY ALLOWED DEFENSE TO ARGUE MEDICAL TREATMENT AND BILLS WERE UNRELEATED TO THE AUTOMOBILE COLLISION WHEN THERE WAS NO MEDICAL EVIDENCE TO SUPPORT THIS LEGAL ARGUMENT.
 [6.] THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL DUE TO THE ABOVE ERRORS IN LAW AND DUE TO THE VERDICT BEING AGAINST THE MANIFEST WEIGHT OF THE UNCONTROVERTED EVIDENCE.
In her first two assignments of error, appellant contends the trial court erred by refusing to give her requested instructions to the jury. The appellant requested instructions pertaining to duel causation, intervening and superseding cause, and pre-existing weakness.
The Supreme Court of Ohio has ruled that the trial court must have evidence to support a jury instruction. Riley v. Cincinnati (1976),46 Ohio St.2d 287, paragraph two of the syllabus. When undertaking a review of the record below to ascertain the sufficiency of the evidence in support of a requested instruction, it is the province of the appellate court to "determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Murphy v. Carrollton Manufacturing Co. (1991),61 Ohio St.3d 585, 591, quoting Feterle v. Huettner (1971),28 Ohio St.2d 54, paragraph two of the syllabus. Thus, reversible error attaches when it is demonstrated that the requested instruction was both a correct statement of the law and that it applies in light of the evidence in the case. See Pallini v. Dankowski (1969), 17 Ohio St.2d 51,53.
Appellant failed to introduce testimony or other evidence in support of the proposition that more than one factor combined to cause her injuries. In fact, appellant's own medical expert testified that her injuries were proximately caused by the auto accident with appellee. As to the superseding and intervening cause instruction, appellant's brief is devoid of any rationale or support for why this instruction was warranted. Further, appellee had already admitted his negligence previous to the commencement of trial. As far as the pre-existing weakness, or so-called "eggshell skull," instruction request, appellant herself testified that, prior to the accident, she had never experienced any neck or back problems.
Decisions pertaining to jury instructions are within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent an affirmative demonstration in the record of an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338, 343. A showing of an abuse of discretion requires more than a demonstration of an error of law or judgment, it carries the implication that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
Since the record lacks any evidence of an abuse of discretion by the trial court on this issue, much less any evidence to support the requested instructions, appellant's first two assignments of error are unpersuasive and are accordingly overruled.
In her third and fourth assignments of error, appellant raises issues pertaining to appellee's trial testimony, the trial court's exclusion of particular evidence pertaining to the extent of damage to the vehicles and estimates for the cost of repair, the trial court's limitations as to the testimony of the police officer, and the trial court's limitations on testimony pertaining to medical insurance.
In order to preserve an error for appellate review, Evid.R. 103(A)(1) contemplates that a party will make a timely objection to the admission of evidence and state the specific ground of the objection if it is not otherwise apparent from the context of the testimony. Evid.R. 103(A)(1). In the absence of plain error, a failure to object to evidence presented at trial constitutes a waiver of any challenge on that evidence on appeal. State v. Robertson (1993), 90 Ohio App.3d 715, 728. Plain error is error of the type that should have been apparent to the trial court, even absent an objection, it must be "obvious on the records, palpable and fundamental." State v. Tichon (1995),102 Ohio App.3d 758, 767. To prevail under a plain error standard, the appellant must demonstrate that but for the error, the outcome of the trial would have been otherwise. State v. Moreland (1990),50 Ohio St.3d 58, 62.
As far as the content of appellee's testimony is concerned, the record is silent as to any timely objection advanced by appellant's counsel. Such an objection may not be raised now. In the absence of any objection or evidence of plain error, appellant's contention that appellee's testimony concerning the speed of the accident and resulting damage should have been somehow sua sponte disallowed by the court is not compelling. In fact, when appellee's counsel promptly objected to the same line of questioning when advanced on cross-examination, the trial court sustained the objection. This court finds that, since appellant's counsel failed to make a timely objection, the issue has been waived and is not subject to review by this court.
Given its superior vantage, the trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse that materially prejudices an objecting party. Barbek v. Twinsburg Twp. (1992), 73 Ohio App.3d 587, 592, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128, certiorari denied (1968), 390 U.S. 1024. In the application of the abuse of discretion standard, a court sitting in review may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
The discussion of deference given to the trial court in terms of the admission of evidence at trial arises in terms of the trial court's exclusion of particular evidence pertaining to the extent of damage to the vehicles, estimates for the cost of repair, the trial court's limitations as to the testimony of the police officer, and the trial court's prohibition on testimony pertaining to medical insurance.
Appellant's assertion that she was unable to offer or develop testimony concerning the extent of damages and information pertaining to estimates for repair is misleading. The record demonstrates that no proffer was made regarding this particular evidence. Instead, appellant complains about a limited scope of cross-examination. However, the record is permeated with inquiries by appellant's counsel as to the damage sustained by both vehicles. As to cost estimates, the trial court was clear in its admonition against this line of questioning in his ruling on the motion in limine. The trial court's ruling that the use of the cost of repairs did not go to the issue of the injuries sustained by appellant was well within the court's broad discretion to rule on evidentiary matters and does not rise to an abuse of discretion. As to appellant's assertion that the trial court somehow forbade the police officer from testifying in the matter, that simply is not the case. The trial court did admonish that, if the police officer were to testify in the matter, his testimony would be limited to matters within his personal knowledge, including statements provided by appellee. This ruling was within the trial court's discretion and stands in sharp contrast to any assertion that the officer was somehow barred from offering testimony. Accordingly, appellee's third assignment of error is overruled.
Under the same rationale, the trial court was within its discretion when it ruled in limine to exclude testimony pertaining to appellant's medical insurance. It reasonably seemed untenable to the trial court that appellant, if in constant pain, would not follow-up with a physician following the accident with appellee solely due to a lack of medical insurance. The trial court recognized that a "mini trial" on insurance issues may well confuse the jury and, accordingly, was acting within its discretion when it chose to exclude the matter. Appellant's fourth assignment of error is overruled.
In her fifth assignment of error, appellant asserts that the trial court erred when it overruled her objection during closing argument when appellee's counsel stated: "The doctor's diagnosis was head contusion and neck strain. Neck strain. A strain that we have all experienced aches, calling it other things, and it heals in three or six months." (Tr. 47.) Appellant further asserts that the trial court improperly allowed defense to argue medical treatment and bills that were unrelated to the automobile collision when there was no evidence to support a legal argument on that basis.
Appellee properly asserts the clear pronouncement of the Supreme Court of Ohio that counsel is afforded broad latitude in closing argument. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph two of the syllabus. In fact, the notion of the court allowing great latitude in terms of the presentation of closing arguments may be said to be axiomatic. State v. Champion (1924), 109 Ohio St. 281, 289. See, also, State v. Woodards (1966), 6 Ohio St.2d 14, 26. It has been asserted that encompassed within the bounds of permissible argument are references to the uncontradicted nature of the evidence presented by the advocate. State v. Ferguson (1983), 5 Ohio St.3d 160, paragraph one of the syllabus. When based on the evidence adduced at trial, it is well-settled that the advocate may also legitimately argue inferences and deductions. Coffey v. Shenk (1974), 39 Ohio App.2d 156, 160.
The initial determination of the bounds of permissible argument is necessarily left to the discretion of the trial court. Pang, supra, at 194. In turn, an appellate court properly applies the abuse of discretion standard when undertaking a review of the trial court's determination. Id.
This is not to say that the bounds of fair argument are unlimited, and when they are crossed, the violation must be properly addressed. Clark v. Doe (1997), 119 Ohio App.3d 296, 306. A problem arises when the argument advanced by counsel on closing is not supported by the evidence to the extent that there is a substantial likelihood that the jury will be misled. Such an argument is improper. See Brokamp v. Mercy Hospital Ass'n. (1999), 132 Ohio App.3d 850, 868.
Succinctly, argument is about the evidence and fair inferences drawn from the evidence. Clark, supra, at 307. A properly crafted argument may not spill beyond the evidence. Cusumano v. Pepsi-Cola Bottling Co. (1967), 9 Ohio App.2d 105, 122. It is the duty of the trial court to control the argument of counsel and to see that it is confined to proper limits, especially where, as here, a timely objection was made. Id. at 121, quoting 53 Ohio Jurisprudence 2d 190, Trial, Section 274. The failure of the court to take these measures constitutes prejudicial error. Herman v. Temlitz (1925), 113 Ohio St. 164, 170. True, appellant did not object to the discussion of medical treatment and bills not related to the automobile collision, but the rule against arguing facts and issues not in evidence is a harsh one. Even absent an objection, it is the obligation of the court to intervene sua sponte and instruct the jury to disregard the improper argument. See Jones v. Macedonia-Northfield Banking Co. (1937), 132 Ohio St. 341, 351.
There was only one medical expert who testified, presented by appellant. The entire case hinged on what the jury believed as to the appellant's condition. The jury award was in exactly the amount contemplated by appellee's counsel in closing argument. Since counsel's statement went directly to what the jury believed on this most important issue, we cannot say that the error was not prejudicial. Even if there were doubt, it must be resolved in favor of the defeated party. Clark, supra, at 307-308, quoting Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77. For appellate review to be meaningful, we must enforce these boundaries of permissible argument. Even in argument, counsel must yield to the evidence presented — lest they risk reversal. Accordingly, appellant's fifth assignment of error is sustained.
Appellant's sixth and final assignment of error contends that the motion for new trial should have been granted as the verdict was against the manifest weight of the uncontroverted evidence. Based on the court's ruling on appellant's fifth assignment of error, the propriety of this error is moot and need not be addressed. App.R. 12(A)(1)(c).
Based on the foregoing reasons, appellant's first, second, third and fourth assignments of error are overruled, her fifth assignment of error is sustained, and her sixth assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment affirmed in part, reversed
In part, and cause remanded.
TYACK, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.