JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Charles Maynor ("Maynor") appeals the jury verdict in favor of defendants-appellees James Ewings ("Ewings") and T.H. Blue. Finding no merit to this appeal, we affirm.
 {¶ 2} Ewings is a truck driver for T.H. Blue, a North Carolina corporation. On May 24, 1999, his semitrailer, carrying a load of approximately 78,000 pounds, collided with Maynor's vehicle while making a right turn from Columbus Road onto Abbey Road in Cleveland The accident occurred around 4:00 p.m., when it was raining heavily.
 {¶ 3} Columbus Road is divided by double yellow lines for northbound and southbound traffic. The parties, however, disputed whether there were two lanes for traffic in each direction. Maynor contended that the width of the road and the custom of drivers demonstrated that there were two lanes in each direction. Ewings and T.H. Blue argued that there was only one lane, based on the absence of any type of demarcation for two lanes.
 {¶ 4} At trial, Maynor testified that, while driving southbound in the curb lane on Columbus Road, he stopped at the red light at Abbey Road, where Ewings' semitrailer was already stopped. He claimed that, while parallel to Ewings' vehicle, he leaned over to light his cigarette when Ewings' trailer suddenly struck his vehicle and pushed it into a utility pole on the northwest corner of Columbus.
 {¶ 5} In contrast, Ewings testified that he was stopped on Columbus Road in the sole lane of traffic with all four of his turn signals activated to turn right. He indicated that he was slightly closer to the center double yellow lines because he needed to maneuver a turn with a wide load. When the light turned green, he drove forward and waited for traffic heading eastbound on Abbey Road to back up before completing his turn. While moving approximately 10 to 15 feet in the intersection, he struck Maynor's vehicle.
 {¶ 6} The jury returned a verdict in favor of both Ewings and T.H. Blue and against Maynor. Maynor's motions for judgment notwithstanding the verdict and for a new trial were denied. He raises four assignments of error on appeal.
 Closing Argument {¶ 7} In his first assignment of error, Maynor claims that he was denied a fair trial because the court improperly allowed defense counsel to make gross misstatements of the facts in his closing argument. However, Maynor failed to object to any of the alleged misstatements and, thus, absent a finding of plain error, any such claim is deemed waived. See Leber v. Smith,70 Ohio St.3d 548, 552, 1994-Ohio-361; Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207, 209.
 {¶ 8} The plain error doctrine applies in the context of civil cases only when "the error complained of `would have a material adverse effect on the character and public confidence in judicial proceedings.'" Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 223, quoting Schade, supra, at 209. Reviewing courts should invoke the doctrine only "under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id.
 {¶ 9} In the instant case, we find no error, plain or otherwise, by defense counsel's closing remarks. In Pesek v.University Neurologists Ass'n, 87 Ohio St.3d 495, 2000-Ohio-483, the Ohio Supreme Court recognized that "counsel should be afforded great latitude in closing argument, and that the determination of whether the bounds of permissible argument have been exceeded is * * * a discretionary function to be performed by the trial court." Id. at 501, citing State v. Champion
(1924), 109 Ohio St. 281, 289; Pang v. Minch (1990),53 Ohio St.3d 186, paragraph three of the syllabus. Further, although remarks that are not supported by the evidence and which are calculated to arouse passion or prejudice are grounds for a new trial, reasonable inferences to be drawn are a legitimate subject for closing argument. See Acceleration Life Assurance Co. v.Walsh (June 4, 1987), Cuyahoga App. No. 52266, citing Coffey v.Shenk (1974), 39 Ohio App.2d 156, 160. See, also, Hampton v.St. Michael Hosp., Cuyahoga App. No. 81009, 2003-Ohio-1828.
 {¶ 10} Contrary to Maynor's assertion, defense counsel's suggestion that Maynor's vehicle could have been moving at the time of impact was not a misstatement of the evidence presented. Rather, defense counsel merely advocated a reasonable inference based on the evidence. Ewings testified that he did not see Maynor's vehicle when he was stopped at the light nor when he prepared to turn right. He also testified that at least half a minute elapsed from the time the light turned green to the time he maneuvered his truck to make the turn. Additionally, Maynor's co-worker testified that he saw Maynor's vehicle travel past him moments before the impact with Ewings' truck. The combination of this testimony creates a reasonable inference that Maynor was not stopped parallel to Ewings at the time of the collision. Thus, we find that the jury could have believed the inferences advanced by defense counsel based on the evidence.
 {¶ 11} Maynor's first assignment of error is overruled.
 Jury Instruction {¶ 12} In his second assignment of error, Maynor contends that the trial court misstated the duty owed by Maynor and that it failed to provide the proper instruction regarding Ewings' duty when making a right turn. However, Maynor failed to object to the instructions and, in fact, consented to the instructions. Once again, his failure to object at trial constitutes a waiver of this argument on appeal except for plain error. See, e.g., Civ.R. 51(A); Leber, supra; Schade, supra.
 {¶ 13} We find no plain error under the instant circumstances to warrant a new trial. In charging the jury, the trial court initially defined negligence and ordinary care. It later stated:
{¶ 14} "In determining whether ordinary care was used you willconsider whether either party ought to have foreseen, under theattending circumstances, that the natural and probable result ofan act or omission would cause some injury."
 {¶ 15} Maynor argues that this instruction erroneously placed a duty on him that he otherwise did not owe because he had the right-of-way. He claims that the trial court's failure to instruct the jury on his "preferred status" warrants a new trial. However, Maynor's argument focuses solely on one section of the instruction and ignores the remaining jury instructions. Moreover, he erroneously suggests that it was uncontroverted that he had the right-of-way when, in fact, the matter was disputed and within the realm for the jury to decide. See Conway v.Crayton (June 2, 1977), Cuyahoga App. No. 37258.
 {¶ 16} Following the basic instruction on negligence, the trial court further elaborated on the parties' duties in the context of operating a motor vehicle. Specifically, it explained that their duties were governed by statute. Accordingly, the trial court provided the jury with a definition of right-ofway and explained that if it found that Maynor had the right-of-way then "the general obligation to use ordinary care does not apply in a preferred driver who has the right-of-way and who is not violating a statute or ordinance." Based on this instruction, we find no error.[1] Additionally, our review of the record reveals that the trial court properly instructed the jury on the statutory duty owed by a driver when making a right turn. Further, although the trial court may have been unclear in its reading of the instructions, it cured any error by providing a written copy of the instructions to the jury for its use in deliberation.
 {¶ 17} Regardless of the instruction on the duty owed, we find no plain error because the jury could have found in favor of Ewings and T.H. Blue based on a lack of proximate cause. As stated above, we can overturn the jury's verdict only if the instruction resulted in a "manifest miscarriage of justice." In the instant case, it was undisputed that Maynor returned to work the day after the accident and did not seek medical treatment until nearly a month later. The medical records from Lutheran Hospital reference Maynor's work-related injury as the basis for his visit and no mention is made of a motor vehicle accident. Additionally, Maynor admitted that prior to the accident, he had previous back injuries, which at times caused him to miss work. Moreover, Ewings and T.H. Blue presented expert medical testimony that Maynor's surgery and other medical care were causally related to prior back problems and a degenerative spine condition and not the collision with Ewings' truck. Although Maynor presented rebuttal testimony from his medical expert, the jury was free to believe one doctor over another. Because there is competent, credible evidence supporting the jury's finding in favor of Ewings and T.H. Blue, we find no plain error.
 {¶ 18} Maynor's second assignment of error is overruled.
 Ex Parte Communication {¶ 19} In his third assignment of error, Maynor argues that he was denied a fair trial based on ex parte communications between the trial judge and jury. Specifically, he contends that the trial court should have granted his motion for a new trial because his counsel was not present when the trial court responded to the jury's verbal question.
 {¶ 20} In Bostic v. Connor (1988), 37 Ohio St.3d 144, paragraph four of the syllabus, the Ohio Supreme Court held that alleged ex parte communication between a judge and jury is harmless error unless a party can establish that it was prejudiced by the communication. To establish prejudice, "the complaining party must first produce some evidence that a private contact, without full knowledge of the parties, occurred between the judge and jurors which involved substantive matters." Statev. Jenkins (1984), 15 Ohio St.3d 164, paragraph thirteen of the syllabus. See, also, State v. Schiebel (1990),55 Ohio St.3d 71. As recognized by this court in Orenski v. Zaremba Mgmt. Co.
(June 20, 2002), Cuyahoga App. No. 80402, substantive matters could potentially include "discussions between a judge and a juror of legal issues involved in the case, applicable law, a charge to the jury, or a fact in controversy." See, also, Statev. Musgrave (Apr. 24, 2000), Knox App. No. 98CA10. Although Maynor claims that an ex parte discussion occurred between the judge and jury, he has not identified the nature of the communication. Further, he has failed to demonstrate how this alleged communication prejudiced him. The only evidence before this court is an affidavit from an associate in his counsel's office attesting to the fact that the trial judge called the office requesting that counsel return his call because the jury had a question. Maynor has failed to supplement the record with any evidence of the nature of the question or the alleged communication between the judge and jury. See Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314 (holding that appellant has the duty to provide a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error). See, also, App.R. 9(B) and 10(A). In the absence of such evidence, we must presume regularity in the proceedings below. Id.
 {¶ 21} Maynor's third assignment of error is overruled.
 Judgment Notwithstanding the Verdict {¶ 22} In his final assignment of error, Maynor claims that the trial court erred by denying his motion for judgment notwithstanding the verdict. However, Maynor fails to state any argument in support of this assignment of error. Further, he has not cited any facts or legal authority in support of his bare assertion.
 {¶ 23} Pursuant to App.R. 12(A)(2), Maynor must set forth an argument in support of an assignment of error or it will be overruled. Flint v. Cleveland Clinic Found., Cuyahoga App. Nos. 80177 and 80478, 2002-Ohio-2747, citing Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 159. Further, App.R. 16(A)(7) requires that he support his argument "with citations to the authorities, statutes, and parts of the record on which appellant relies." Because Maynor has failed to comply with the appellate rules, his final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Kilbane, J. concur.
[1] In their sole cross-assignment of error, Ewings and T.H. Blue contend that the trial court abused its discretion by giving an instruction on right-of-way. Initially, we note that Ewings and T.H. Blue failed to comply with App.R. 16 because the only argument in support of their cross-assignment of error is found within a footnote. Nonetheless, our affirmance of the jury's verdict renders their sole cross-assignment of error moot.